*730 OPINION OF THE COURT
Per Curiam.
Order entered March 1, 1995 reversed, with $10 costs, the petition is reinstated and the matter is remanded to the Civil Court for further proceedings.
In this holdover proceeding based upon an allegation of illegal subletting, Civil Court erred when it dismissed the proceeding upon the ground that tenants’ original lease did not contain a clause restricting subletting. Housing accommodations regulated under the Rent Stabilization Code may be sublet subject to the limitations of section 226-b of the Real Property Law (Rent Stabilization Code [9 NYCRR] § 2525.6 [a]). That statute requires the written consent of the landlord in advance of the subletting (Real Property Law § 226-b [2] [a]). Unless the tenant’s right to sublet "has been expanded by affirmative agreement of the parties”, such as a lease provision permitting the tenant to sublet at will, the right to sublet is governed by Real Property Law § 226-b and section 2525.6 of the Rent Stabilization Code (9 NYCRR) (McDermott v Pinto, 101 AD2d 224, 229). A lease which is silent on the tenant’s right to assign or sublet may not be construed as conferring greater rights upon the tenant than provided in the controlling Real Property Law and Rent Stabilization Code provisions.
Failure to adhere to the applicable sublet procedure "shall constitute a substantial breach of lease or tenancy” (Real Property Law § 226-b [5]), and is grounds for termination of the tenancy (Rent Stabilization Code [9 NYCRR] § 2525.6 [f]; Carol Mgt. Corp. v Britton, NYLJ, Oct. 29, 1992, at 26, col 5 [App Term, 2d Dept]). The petition is reinstated and the matter remanded for further proceedings.